IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GILBERTO ANTONIO ALFARO. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-01569-AJT-WBP |
| | ) |
| TODD M. LYONS, Acting Director of | ) |
| Immigration and Customs Enforcement, | ) |
| *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner Gilberto Antonio Alfaro's Amended Petition for Writ of Habeas Corpus, [Doc. No. 3] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE") custody, arguing that his ongoing detention violates the Immigration and Nationality Act ("INA") (Count I); the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); and his constitutional due process rights (Count III). The Respondents opposed the Petition. [Doc. No. 9]. For the following reasons, the Petition is GRANTED.

**I.   BACKGROUND**

Petitioner Gilberto Antonio Alfaro (the "Petitioner") is a citizen of El Salvador and entered the United States without inspection in 2012. [Doc. No. 3] ¶¶ 15, 45; [Doc. No. 9] at 13. Petitioner works in the construction and painting industry and is the breadwinner of his family, which

includes his partner, a U.S. lawful permanent resident, and their three children, two of whom are U.S. citizens and one who is a U.S. lawful permanent resident. [Doc. No. 3] ¶ 49.

On August 23, 2025, while Petitioner was on his way to work, he was arrested in Washington, DC and detained at Farmville Detention Center pursuant to 8 U.S.C. § 1225(b)(2)(A), where he continues to be detained. *Id.* ¶ 3, 46. On August 31, 2025, Petitioner was issued a Notice to Appear ("NTA"), which charged him with being inadmissible to the United States, and on September 16, 2025, Petitioner filed an EOIR-42B form to cancel his removal. *Id.* ¶ 50; [Doc. No. 9-1] ¶¶ 8–9. ICE did not set bond and issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions. [Doc. No. 3] ¶¶ 15, 51. Petitioner is scheduled for a hearing on November 14, 2025, before the Annandale, Virginia Immigration Court for the merits hearing on Petitioner's application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. [Doc. No. 9-1] ¶ 11. To date, Petitioner has not been provided a bond determination hearing before an Immigration Judge and has remained in ICE custody for forty-nine days. [Doc. No. 3] ¶ 15.

On September 19, 2025, Petitioner filed the present Petition, [Doc. No. 3], and on the same day, the Court issued an order enjoining the removal of Petitioner from this judicial district, [Doc. No. 4]. Respondents filed an opposition on September 29, 2025.

## II.   LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme

Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.   DISCUSSION

Petitioner contends that his detention pursuant to 8 U.S.C. § 1225(b)(2) violates (1) the Immigration Nationality Act ("INA") because the mandatory detention provision does not apply to him (Count I); (2) the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); and (3) Petitioner's constitutional due process rights (Count III). He requests that he be released, or in the alternative, that he be given a bond hearing pursuant to of 8 U.S.C. § 1226.[1] In their opposition, Respondents argue that this Court lacks jurisdiction over Petitioner's challenge and that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a).

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). At bottom, Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). [Doc. No. 9] at 10–16.

---

[1] Although Respondents do not address Petitioner's claim for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), the Court finds that Petitioner has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. *Obando Segura v. Garland*, 999 F.3d 190, 195 (4th Cir. 2021); *Luna Quispe v. Crawford*, 1:25-CV-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025).

3

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention since, as the Court held in *Luna Quispe*, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. No. 1:25-CV-1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). With respect to the substance of Petitioner's claim, for all the reasons previously stated in *Luna Quispe*, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully).[2] *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Petitioner has been present in the United States since 2012 and thus falls in the former category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a).[3]

---

[2] Respondents' reliance on *Jimenez-Rodriguez v. Garland* is likewise misplaced, as the Fourth Circuit considered in that case the Attorney General's grant of inadmissibility waivers under 8 U.S.C. § 1182(d)(3)(A)(ii), not, as Respondents contend, the mandatory detention procedures in 8 U.S.C. § 1225. 996 F.3d 190 (4th Cir. 2021).

[3] The Court recognizes that in a recent decision by the Board of Immigration Appeals (BIA), *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), relied on by Respondents, the BIA held that noncitizens who are present in the United States without admission and are arrested on a warrant are subject to § 1225(b)(2)(A). *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 227. In doing so, the BIA "acknowledge[d] that for years Immigration Judges have conducted § 1226(a) bond hearings for aliens who entered the United States without inspection."). *Id.* at 225 n.6. The Court is not bound by that decision and finds its reasoning unpersuasive. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–01, 406 (2024) (interpretation of the meaning of a statute belongs to the "independent judgment" of the courts, as "agencies have no special competence in resolving statutory ambiguities"); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (stating that the "weight of a[n] [administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, *its consistency with earlier and later*

With respect to Petitioner's due process claim (Count III), Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b)(1) and his detention is therefore governed exclusively by that section of the INA. [Doc. No. 9] at 16–19. Having determined that Petitioner's detention is governed by section 1226, the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[4] *See Luna Quispe*, 2025 WL 2783799, at *7–9.

For the above reasons, Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and Petitioner is entitled to a bond hearing before an immigration judge.

### IV.    CONCLUSION

For all the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Petitioner be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order; and it is further

**ORDERED** that Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

---

*pronouncements*, and all those factors which give it power to persuade, if lacking power to control") (emphasis added).

[4] In opposition to Petitioner's due process claim, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
October 11, 2025

/s/
Anthony J. Trenga
Senior United States District Judge